IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**INTERNATIONAL UNION, UNITED**
**AUTOMOBILE, AEROSPACE AND**
**AGRICULTURAL IMPLEMENT WORKERS**
**OF AMERICA, ITS LOCAL 1766, and**
**RANCE CASTELLANI,**

**Plaintiffs,**

**v.**

**MERIDIAN AUTOMOTIVE SYSTEMS–**
**COMPOSITES OPERATIONS, INC.,**

**Defendant.**                                                    No. 03-CV-0494-DRH

### ORDER

**HERNDON, Chief Judge:**

On November 7, 2008, the Court held a telephonic status conference regarding the bankruptcy stay in this matter (Doc 107).[1] During the status conference, the Court directed the parties to inform the Court in writing on or before February 7, 2009 as to the status of this case. Because neither party provided the Court with the required report, the Court entered a Show Cause Order directing the parties to address whether this case should not be dismissed or should be dismissed

---

[1] This case has been stayed for almost 4 years. On May 5, 2005, the Court stayed this matter pursuant to the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362(a) (Doc. 93).

(depending on the respective point of view) pursuant to the bankruptcy disposition (Doc. 108).[2] On March 13, 2009, both parties filed their briefs. Plaintiffs' report states that the recovery on their claims will be 1% to 2% of their value; that the Trust established to pay these claims has accumulated sufficiently to pay some claims and that the Trust intends to make an additional distribution in the next few months (Doc. 109).[3] Plaintiffs ask the Court to set this for another status on June 30, 2009. Defendants maintain that the Court should dismiss this action as the continued prosecution would be a violation of the discharge injunction embodied in Section 524(a) of the Bankruptcy Code, 11 U.S.C. § 524(a). (Doc. 110).

The Court agrees with Defendants. Section 1141(a) of the Bankruptcy Code provides that a confirmed plan binds any creditor whether or not the claim or interest of such creditor is impaired under the plan and whether or not such creditor has accepted the plan. **See 11 U.S.C. § 1141(a)**. The confirmation of a plan discharges the debtor from any debt that arose prior to the date of confirmation. *Id.* **at § 1141(d)(1)(A)**. Such debts are discharged regardless of whether a proof of claim on such debt was filed or whether the claimant accepted the plan. *Id.* Furthermore, the Bankruptcy Code provides that a discharge operates as an injunction against the commencement or continuation of an action to collect a discharged debt. **See 11 U.S.C. § 524(a)(2)**.

---

[2] The Order also stated that the brief should contain case law regarding the parties' positions.

[3] The Court notes that Plaintiff's brief does not contain any case law.

Here, the Bankruptcy Court confirmed a Fourth Amended Plan of Reorganization on December 6, 2006. Thereafter, on April 17, 2007, the Bankruptcy Court entered an Order granting the reorganized debtors' objection to the Claim as priority and reclassified the Claim to a general unsecured Claim. Thus, pursuant to the Bankruptcy Court's Order, dismissal of Plaintiffs' cause of action is proper. Therefore, the Court **DISMISSES without prejudice** Plaintiffs' cause of action. The Court will close the file.

**IT IS SO ORDERED.**

Signed this 30th day of March, 2009.

/s/      David R Herndon

**Chief Judge
United States District Court**